821 F.2d 649
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William W. ANDERSON, et al., Plaintiffs-Appellants,
v.
The KROGER COMPANY, et al., Defendants-Appellees.
 No. 86-3727
 United States Court of Appeals, Sixth Circuit.
 June 23, 1987.
 
 Before MERRITT and MARTIN, Circuit Judges, and BROWN, Senior Circuit Judge.
 MERRITT, Circuit Judge.
 
 
 1
 The main issue in this case concerns whether the District Court correctly interpreted a collective bargaining agreement provision relating to transfer of employees upon a transfer of plant operations.
 
 
 2
 The facts in this case center on the closing of the Solon, Ohio Kroger facility in November 1984 and the transfer of operations to a Kroger facility in Columbus, Ohio. The Solon facility was governed by a collective bargaining agreement between Kroger and Local 507 of the International Brotherhood of Teamsters, Chauffeurs, and Warehousemen. The Seafarers International Union was the exclusive bargaining agent for warehouse employees at the Columbus facility.
 
 
 3
 The crucial provision in the collective bargaining agreement is Section 5.4 which provides in pertinent part as follows:
 
 
 4
 When an operation is transferred, jobs at the new location which become available within one (1) year . . . after the transfer will first be offered to such displaced employees based on seniority.
 
 
 5
 The question presented in this case is whether this provision of the Agreement applies--and hence the jobs of the discharged employees are made available to these employees at the new plant--where the operations are transferred to a non-Teamsters facility. The District Court held that this provision of the Agreement does not apply under such circumstances.
 
 
 6
 The District Court reasoned that '[s]ince Teamsters Local 507 is not a party to the collective bargaining agreement governing the Columbus warehouse, Local 507 cannot obligate Kroger to transfer employees to Columbus. Instead, Section 5.4 of the Agreement applies only to facilities at which Local 507 was a party to the collective bargaining agreement.' This interpretation by the District Court was the basis for its holding granting defendant Kroger summary judgment.
 
 
 7
 We believe the District Court rendered an erroneous interpretation of the Agreement provision at issue in this case. The District Court's interpretation is inconsistent with the plain language of the provision. Section 5.4 of the Agreement contains the language '[w]hen an operation is transferred,' and does not read '[w]hen an operation is transferred to a Teamster facility.'
 
 
 8
 If we were to read the Agreement the way the District Court does, such an interpretation would obviously undermine the job security objective of Section 5.4. It would make job security illusory except under the limited circumstances where the transferee plant was a Teamster facility. The transfer provision would be meaningless under all other circumstances. We doubt the Agreement was intended to have such limited scope for such an important provision, and we therefore disagree with the interpretation of the District Court.
 
 
 9
 The record before us is not complete on claims relating to unfair representation and unlawful discharge.
 
 
 10
 Accordingly, the judgment of the District Court is reversed and the case is remanded for further proceedings not inconsistent with this opinion.
 
 
 11
 BAILEY BROWN, Senior Circuit Judge, dissenting.
 
 
 12
 I disagree with the majority opinion and therefore respectfully dissent.
 
 
 13
 The contractual provision at issue provides:
 
 
 14
 The parties recognize that from time to time the needs of the business may require changes in operations, opening of facilities, closing of facilities, or transfers of certain operations. When an operation is transferred, jobs at the new location which become available within one (1) year (or to the extended time as mutually agreed to) after the transfer will first be offered to such displaced employees based on seniority. Employees transferred shall be dovetailed into the appropriate seniority list upon starting work at the new location.
 
 
 15
 I believe that the majority may well be right that the district court gave too narrow an interpretation to this provision in holding that the employees were entitled to be transferred to another facility and 'dovetailed into the appropriate seniority list' only when the other facility had a contract with Teamsters Local 507. For example, it might well be applicable where there was no union and no collective bargaining contract at the other facility. Nevertheless, it appears to me that the provision cannot be interpreted to create a right to be transferred to the Columbus facility under the undisputed facts present here because the employees at the Columbus facility were represented by the Seafarers International Union under a collective bargaining contract with their own seniority list. Moreover, if the contract here were applicable so as to create rights of transfer to Columbus with seniority, it would be unenforceable. General Warehousemen & Helpers Local 767 v. Standard Brands, Inc., 579 F.2d 1282, 1293 (5th Cir. 1978) (en banc), cert. dismissed, 443 U.S. 913 (1979). Therefore, while the district court may have construed the contractual provision too narrowly, the contract clearly cannot create rights of transfer under the undisputed facts presented.
 
 
 16
 Further since neither Kroger nor Teamsters Local 507 can be liable unless Kroger is in breach of contract and Local 507 was in bad faith in its interpretation of the contract and conclusion that plaintiffs had no transfer rights, Hines v. Anchor Motor Freight Co., 424 U.S. 554 (1976), and since Local 507's interpretation of the contract, even if erroneous, was clearly within the bounds of reason, neither Kroger nor Local 507 is liable to the plaintiffs.
 
 
 17
 I do not believe that plaintiffs below even contend that Kroger or Local 507 could be liable to them unless there was a breach of contract in failing to transfer them or that there was bad faith on the part of Local 507 in failing to assert that they were entitled to be transferred.
 
 
 18
 Accordingly, I would affirm the district court for the reasons herein stated.